

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-77,047

**KENNETH DEWAYNE THOMAS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DIRECT APPEAL FROM CAUSE NO. F86-85539-M
### IN THE 194ᵀᴴ JUDICIAL DISTRICT COURT
### DALLAS COUNTY

*Per curiam.*

### ORDER

In July 2014, appellant was convicted of capital murder and sentenced to death. His direct appeal is currently pending before this Court. On June 22, 2015, counsel John Tatum filed appellant's brief in this Court. On October 16, 2015, the State filed a "Motion to Abate or, in the Alternative, Extend the Time to File Brief," in which it alleged that numerous items were missing from the appellate record. On November 25, 2015, we abated the appeal and remanded this cause for the trial court to make findings of fact regarding whether the record was complete and whether it complied with Article

26.052(k) of the Texas Code of Criminal Procedure when it appointed Tatum to represent appellant on appeal. We received the trial court's findings on February 25, 2016. We also received several supplements from the district clerk. Based on our review of those supplements, it appeared that the documents identified as missing by the trial court had been included in the appellate record.

On May 4, 2016, we again remanded this cause for the trial court to make further findings of fact on the Article 26.052(k) issue. We specifically instructed the trial court to determine whether appellant and Tatum ever made a request on the record for Tatum to continue as appellate counsel. *See* Art. 26.052(k)(1). If they did not make such a request, then we instructed the trial court to inquire on the record whether appellant and Tatum wanted to continue with the current arrangement. If appellant desired to continue with Tatum as appellate counsel, then we instructed the trial court to determine if there was good cause to make the appointment. *See* Art. 26.052(k)(2). If appellant did not want to continue with Tatum, or if the trial court found that good cause did not exist, then we instructed the trial court to appoint new appellate counsel.

The trial court held a hearing on May 20, 2016. Following that hearing, the trial court found, in pertinent part, that: (1) neither Tatum nor the appellant made a specific request on the record at the conclusion of the trial for Tatum to continue as appellate counsel; (2) both Tatum and appellant currently desire for Tatum to continue as appellate counsel; and (3) "based on John Tatum's familiarity with the case, the amount of work

John Tatum has done on the case, the good relationship John Tatum has with the appellant, and John Tatum's ability and experience in relation to capital murder cases, that good cause exists to appoint John Tatum as appellate counsel for the appellant."

It appears that the trial court has now complied with Article 26.052(k). The appeal is reinstated. We grant appellant's "Motion for Increase of Word Count/Leave to File Brief with Additional Words Over 37,500." Appellant's amended brief, which was received by this Court on April 14, 2016, is accepted as filed. The State has 30 days from the date of this order to file its brief.

IT IS SO ORDERED THIS THE 24TH DAY OF AUGUST, 2016.

Do not publish